The opinion of the Court was delivered by
Whitner, J.
The single question presented by the motion now submitted is, whether an action of trespass quare clausum fregit can be maintained against a corporation of the character now before the Court.
It is said to be new in this State, and we do not find that it has been expressly decided in our Courts. In the case of White vs. City Council of Charleston, 2 Hill, 571, which was an action of tres, vi et armis, Judge Harper in 1835 said: “ That in some instances an action of trespass may be maintained against a corporation, I do not question, though many authors have expressed a contrary opinion.”
This is said to have been an obiter dictum, as the nonsuit ordered on Circuit was sustained in the Court of Appeals; yet it is manifest the examination of the general proposition, whether a corporation could be sued for trespass merely, was called for, to guard against supposed error in some of the views taken by the Circuit Judge in his report of the case. It is referred to now as indicating the opinion of that eminent Judge upon a pretty full examination of the point, ■ upon principle and authority. It serves a present purpose in vindicating the judgment now to be announced, and being accessible to the profession, dispenses with the necessity of repetition.
There is an incongruity, it is thought, to hold that a corporation can commit a tort; a mere creature of the law, “ of a highly refined and intangible nature, whose properties and attributes lawyers alone can understand;” that corporations can only do what by law they are authorized, and cannot therefore, invest any one with power to do wrong; hence, that Courts are driven of necessity to deal with individuals *85 from whose acts injuries result. Such premises would lead to conclusions at war with the interests of society, and are opposed to the practice of our Courts in innumerable cases. Surely it needs neither argument nor authority to demonstrate that these positions are untenable, when it is seen that they lead to the conclusion that corporations can do no wrong.
Why, it may be well asked, should not the rule be the same substantially in reference to corporations and their agents as between individuals and their servants? The vast multiplication of corporations and the variety of interests affected thereby, have demanded and suggested a course of proceeding adapted to the ends of justice; and in the first application of wholesome rules appropriate remedies have been gradually unfolded, as well in enforcing the rights of corporations “ in suing” as in holding them amenable in “ being sued.”
In the discharge of the duty assigned on the present occasion, the aid derived from recent text writers has greatly lessened the labor of research. The authorities on which they rely as far as practicable have been verified, and references fully sustain the principles they have laid down.
The profession will readily recognize the distinction taken between corporations of different kinds and a difference in the proceedings authorized in consequence. White vs. City Council, 2 Hill, 571; Mower vs. Inhabitants of Liecester, 9 Mass. 247; Fowle vs. Council of Alexandria, 3 Pet. 409.
The present question is not as to a public corporation instituted for the purposes of government,, or a quasi corporation created by statute and invested with particular powers without their consent, but as to a corporation exercising its functions for the benefit of its members, and holding its franchises upon contract.
On examining the great array of cases in which corporations of the latter kind have been held to answer for the acts of agents, the act of the agent being regarded as the act of *86 the principal in actions on contract, in trover, in case for neglect of duty and want of diligence and care in the performance of duty, the surprise is, rather as Grant/ in his excellent Treatise on Corporations, 289, declares: “ An action on the case having been fully established to lie against a corporation, it seems remarkable that it should ever have been a matter of doubt whether trespass would lie.”
Tilghman, C. J., in debating the same point, asks for a solid ground of distinction in the rule between contracts and torts, and adds that the doctrine (that a corporation could not commit a tort) was fallacious in its principles and mischievous in its consequences, as it tends to introduce actual wrongs and ideal remedies, for a turnpike company may do great injury by means of laborers who have no property to answer the damages recovered against them. Chestnut Hill and Sp. House Turnpike Company vs. Rutter, 4 Ser. & Rawle, 17.
The cause of doubt as to this action seems to rest on Kyd, 283, and some cases referred to by him as is said by Judge Harper and by Angelí and Ames on Corp. 388. But the technical reason is given and pronounced against, and upon authority cited, hence the authors (Angelí and Ames) add, “That it seems to be now the better opinion, both in England and in this country, that a corporation may be sued for trespass committed by its authorized agents.” Not being aware, as they say, that the point has been expressly decided, in any modern case, they proceed to submit fully the authorities which relate to the subject. This was in 1831. Grant, in his Treatise on Corporations, published in 1850, after referring to the doubts which had been expressed, p. 278, (80 Law Lib. 289) says, “However, it is only of late that the law has been considered to be settled affirming the liability of a corporation to an action of trespass.” His reference is to the case, Maund vs. Monmouthshire Canal Company, 43 Eng. Com. Law Rep. 238. This was an action of trespass, and Tindall, C. J., discharged the rule, saying, “The process in case and *87 trespass being the same, it is impossible to see any distinction between the two actions” — meaning as to the liability of a corporation for an act done by their agent, on which subject he was treating. This was in 1842.
The author (Grant on Corporations), adds further, that this is perfectly in accordance with the old law, appears from cases determined in the reigns of Edward 3d, Henry 6th, Edward 4th and Henry 7th, which were not brought to the notice of the court in the last mentioned case. A note is subjoined with full reference to these ancient cases.
In the case of Yarborough vs. Bank of England, 16 East, 6, Lord Ellenborough says, the only question was, whether an action of trover is maintainable against a body corporate; in other words whether a corporation can be guilty of a trespass or a tort.
By a reference to Grant’s Treatise, quite an array of cases are cited against railway companies, banks and other corporations, in case and trover, in which actions have been sustained in English and American courts, recognizing the principle generally, that a corporation is liable in tort for the tortious act of their agent, thus placing the corporation in such respect very much on the same footing as individuals. The character of the proof necessary to establish the agency, involves an inquiry with which we are not now charged.
The motion to reverse the decision of the Circuit Court overruling the demurrer is dismissed.
O’Neall, Wardlaw, Withers and Glover, JJ., con curred.

Motion dismissed.